```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MYRON N. CRISDON,<br>    Plaintiff,<br>      v.<br><br>NJ DEPARTMENT OF EDUCATION,<br>    Defendant. | CIVIL NO. 10-2911(NLH)(AMD)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

**APPEARANCES:**

MYRON N. CRISDON
531 N. 7TH ST.
CAMDEN, NJ 08102

    Appearing *pro se*

JENIFER LOUISE CAMPBELL
STATE OF NEW JERSEY
DIVISION OF LAW
R.J. HUGHES JUSTICE COMPLEX
25 W. MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

    On behalf of defendant

**HILLMAN**, District Judge

    This matter having come before the Court on the motion of defendant, New Jersey Department of Education, to dismiss *pro se* plaintiff Myron Crisdon's complaint against it; and

    Plaintiff claiming in his complaint that defendant failed to issue him a high school diploma after he met the high school graduation requirements in the spring of 2006, and as a result, plaintiff was unable to pursue his dream of becoming a professional basketball player; and

    Plaintiff claiming that defendant's failure to issue him his

high school diploma violated his Fourteenth Amendment rights;[1] and

Plaintiff demanding $100 million in damages, and $50 million in punitive damages from defendant; and

Defendant having moved to dismiss[2] plaintiff's complaint because it is barred on the basis of sovereign immunity under the Eleventh Amendment to the United States Constitution;[3] and

The Court agreeing with defendant that because defendant is the state of New Jersey, plaintiff's claims against it are barred

---

[1] Plaintiff alleges that this Court has jurisdiction over his case pursuant to 28 U.S.C. § 1331.

[2] When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

[3] Even though plaintiff brought his case pursuant to 28 U.S.C. § 1331, it may have also been brought pursuant to 28 U.S.C. § 1983. If that were the case, plaintiff's claims would also be barred because defendant is not a "person" under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (explaining that a state is not a "person" within the meaning of § 1983).

by the Eleventh Amendment, see Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989); Quern v. Jordan, 440 U.S. 332, 342 (1979) (reaffirming "that a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"); Employees of Dept. of Public Health & Welfare v. Dept. of Public Health & Welfare, 411 U.S. 279, 280 (1973) (stating that even though the text of the Eleventh Amendment expressly bars suits in federal court against states by citizens of other states and foreign states, the Amendment has been broadly interpreted to provide immunity to an unconsenting state for "suits brought in federal courts by her own citizens as well"); Melo v. Hafer, 912 F.2d 628, 636 (3d Cir. 1990) (finding that the Eleventh Amendment has been interpreted to bar suits for monetary damages by private parties in federal court against a state, state agencies, or state employees sued in their official capacity); and

The Court noting that plaintiff has not opposed defendant's motion;[4]

---

[4] A week following the filing of his complaint on June 14, 2010, and prior to effecting service of his complaint onto defendant, plaintiff had filed motions for summary judgment and for the expedited consideration of his summary judgment motion. Prior, however, to service of his complaint upon defendant, prior to defendant's ability to respond to plaintiff's complaint or motions, and prior to the Court's ability to address plaintiff's motions, plaintiff filed an appeal with the Third Circuit Court of Appeals. During the pendency of plaintiff's appeal, during which this case was stayed, defendant was served with plaintiff's complaint, and on October 4, 2010, defendant filed the instant motion to dismiss plaintiff's complaint.  On February 14, 2011,

Accordingly,

IT IS HEREBY on this 13th day of April, 2011

ORDERED that defendant's motion to dismiss [16] is GRANTED; and it is further

ORDERED that the Clerk of the Court is directed to mark this matter as CLOSED.

                                                    s/ Noel L. Hillman

At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

---

the Third Circuit issued a mandate dismissing plaintiff's appeal for lack of jurisdiction. On March 2, 2011, this Court entered an Order denying plaintiff's motions for summary judgment and expedited review, and provided plaintiff with thirty days to file his opposition to defendant's motion. Plaintiff has not responded to the Court's Order.

4