UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MYRON N. CRISDON, | : | |
| | : | Civ. A. No. 10-2911 (NLH)(AMD) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| NJ DEPARTMENT OF EDUCATION, | : | **AND ORDER** |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Myron N. Crisdon
531 N. 7th St.
Camden, NJ 08102

    Plaintiff Pro Se

Jennifer Louise Campbell
State of New Jersey
Division of Law
R.J. Hughes Justice Complex
25 W. Market Street
P.O. Box 112
Trenton, NJ 08625

    Attorneys for Defendant

**HILLMAN, District Judge**:

    This matter having come before the Court by way of motion [Doc. No. 21] of Plaintiff pro se, Myron N. Crisdon, for summary judgment;[1] and the Court finding as follows:

---

1. Subsequent to the filing of this motion, Plaintiff filed a brief [Doc. No. 22] with a notation asking that such brief be substituted for the brief filed with the original motion. The Court has considered the second brief in deciding the present motion.

1. Plaintiff claimed in his complaint that Defendant, the New Jersey Department of Education, failed to issue him a high school diploma after he met the high school graduation requirements in the spring of 2006 and, as a result, Plaintiff was purportedly unable to pursue his dream of becoming a professional basketball player.
2. Prior to service of the complaint, Plaintiff filed a motion for summary judgment and a motion to expedite ruling on the motion for summary judgment.  Before this Court addressed the motions, Plaintiff filed an appeal with the United States Court of Appeals for the Third Circuit with respect to these motions.
3. On October 4, 2010, while the appeal was pending before the Third Circuit, Defendant was served with process and filed a motion to dismiss the complaint on the ground that Plaintiff's claims were barred by sovereign immunity under the Eleventh Amendment to the United States Constitution.
4. The Third Circuit issued a mandate on February 14, 2011 dismissing Plaintiff's appeal for lack of jurisdiction.
5. By Order dated March 2, 2011, this Court denied without prejudice Plaintiff's motion for summary judgment and motion for expedited review, and provided Plaintiff thirty days to respond to Defendant's motion to dismiss.  Plaintiff failed to file a response to the motion to dismiss within thirty

      days of the March 2, 2011 Order.

6. By Memorandum Opinion and Order dated April 13, 2011, the Court granted Defendant's motion to dismiss, finding that Plaintiff's claims against Defendant are barred by the Eleventh Amendment.  Plaintiff neither appealed nor sought reconsideration of the April 13, 2011 Memorandum Opinion and Order.

7. Plaintiff has now filed a motion for summary judgment, in which he appears to oppose the motion to dismiss that was decided on April 13, 2011.  Plaintiff has also submitted a letter in which he states that the Court's Order granting the motion to dismiss was in error because the motion was decided while Plaintiff's petition for a writ of certiorari was pending before the United States Supreme Court.

8. A petition for a writ of certiorari to the United States Supreme Court does not divest the court of appeals or district court of jurisdiction, and a litigant seeking cessation of litigation pending an appeal to the United States Supreme Court must seek and obtain a stay.  <u>Fed. R. App. P.</u> 41(d)(2) (certiorari petitioner can apply for stay of mandate but stay does not automatically issue upon filing of petition with Supreme Court).  Plaintiff did not file a motion to stay the mandate of the Third Circuit pending review by the Supreme Court, and Plaintiff's filing of a

      petition for a writ of certiorari with the Supreme Court did not stop the present case from proceeding in the district court.

9.    The Court finds that it properly decided the motion to dismiss following the mandate of the Third Circuit, notwithstanding Plaintiff's filing of a petition with the Supreme Court.

10.   The motion for summary judgment was filed more than four months after entry of the April 13, 2011 Memorandum Opinion and Order dismissing this case.  Plaintiff had thirty days from March 2, 2011 to oppose the motion to dismiss but failed to do so, and also failed to timely file a motion for reconsideration in accordance with Local Civil Rule 7.1(i).  <u>See</u> <u>L. Civ. R.</u> 7.1(i) (motion for reconsideration shall be served and filed within 14 days after entry of order on original motion).

11.   The Court finds that Plaintiff's motion for summary judgment is untimely.  Plaintiff argues that he did not previously oppose the motion to dismiss because of the pendency of his petition with the Supreme Court, but as noted above such filing did not stay the present litigation.[2]  Plaintiff

---

2.  When the Court entered the March 2, 2011 Order granting Plaintiff thirty days to respond to the motion to dismiss, Plaintiff did not at that time inform the Court of his belief that the motion to dismiss would not be heard until the Supreme Court decided the petition.  Rather, Plaintiff waited more than

provides no other excuse for his failure to timely raise the arguments now proffered in the motion for summary judgment, and the Court will not entertain at this time Plaintiff's attempt to re-litigate in a closed case issues that were already decided.

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this 9th day of November 2011,

**ORDERED** that Plaintiff's motion for summary judgment [Doc. No. 21] shall be, and is hereby, **DENIED**.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |

---

four months after the dismissal of this action to raise arguments in opposition to the motion to dismiss.