```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

MYRON N. CRISDON,                  Civil No. 10-2911 (NLH/AMD)

        Plaintiff,

  v.                               **MEMORANDUM OPINION
                                   AND ORDER**

NJ DEPARTMENT OF EDUCATION,

        Defendant.

**APPEARANCES:**

Myron N. Crisdon
531 N. Seventh Street
Camden, New Jersey 08102
    *Pro Se Plaintiff*

Jenifer Louise Campbell, Esquire
State of New Jersey
Division of Law
R.J. Hughes Justice Complex
25 W. Market Street
P.O. Box 112
Trenton, New Jersey 08625
    *Attorney for Defendant New Jersey Department of Education*

**HILLMAN, District Judge**

    This matter having coming before the Court by way of Plaintiff Myron Crisdon's motion [Doc. No. 30] brought pursuant to Federal Rule of Civil Procedure 60(b)[1] seeking to vacate the

---

1. Although Plaintiff indicates that this motion is brought pursuant to the New Jersey Rules of Civil Procedure, the Court notes that the Federal Rules of Civil Procedure govern in this instance, and therefore the Court construes Plaintiff's motion under Federal Rule of Civil Procedure 60(b).

judgment entered against Plaintiff on April 13, 2011, and by way of Plaintiff's motion [Doc. No. 32] seeking an expedited ruling on Plaintiff's Rule 60(b) motion; and

Plaintiff having alleged in his complaint that Defendant, the New Jersey Department of Education, failed to issue him a high school diploma after he met the high school graduation requirements in the spring of 2006 resulting in Plaintiff's inability to pursue his dream of becoming a professional basketball player; and

Plaintiff having filed, prior to service of the complaint, both a motion [Doc. No. 4] for summary judgment and a motion [Doc. No. 5] to expedite the ruling on the summary judgment motion; and

Plaintiff having also filed an appeal (hereinafter, "the first appeal") with the United States Court of Appeals for the Third Circuit with respect to these motions [Doc. Nos. 4, 5] before the motions were ruled upon by this Court; and

The Court noting that during the pendency of Plaintiff's first appeal, Defendant was served with process and subsequently filed a motion [Doc. No. 16] to dismiss the complaint on the basis that Plaintiff's claims were barred by sovereign immunity under the Eleventh Amendment; and

The Third Circuit having issued a mandate on February 14, 2011 dismissing Plaintiff's first appeal for lack of

jurisdiction; and

This Court having subsequently denied without prejudice the motions [Doc. Nos. 4, 5] for summary judgment and for expedited review, and having further provided Plaintiff thirty days to respond to Defendant's motion [Doc. No. 16] to dismiss; and

Plaintiff having failed to file a response to Defendant's motion [Doc. No. 16] to dismiss within the thirty days provided by the Court; and

The Court, by Memorandum Opinion and Order dated April 13, 2011, having granted Defendant's motion to dismiss, finding that Plaintiff's claims against Defendant were barred by the Eleventh Amendment; and

The Court noting that Plaintiff neither appealed, nor sought reconsideration, of the April 13, 2011 Memorandum Opinion and Order at that time; and

Plaintiff having subsequently filed a second motion for summary judgment and an amended brief in support thereof, [Doc. Nos. 21, 22] in August of 2011, approximately four months after the Court had already granted Defendant's motion to dismiss, attempting to oppose that motion [Doc. No. 16]; and

The Court, by Memorandum Opinion and Order dated November 9, 2011, having denied Plaintiff's second motion for summary judgment, finding that it was untimely, and that Plaintiff did not provide any excuse for his failure to timely oppose the

3

motion to dismiss other than his mistaken belief that the filing of a petition for a writ of certiorari with the Supreme Court stayed, or otherwise prevented this Court from ruling on the then pending motion in this case; and

Plaintiff having filed a second notice of appeal [Doc. No. 27] in this action on December 8, 2011 appealing the Court's November 9, 2011 Memorandum Opinion and Order denying Plaintiff's motion [Doc. No. 21] for summary judgment; and

By Opinion dated March 1, 2012, the Third Circuit having affirmed this Court's November 9, 2011 Memorandum Opinion and Order denying Plaintiff's motion [Doc. No. 21] for summary judgment; and

The Third Circuit having found that Plaintiff's motion [Doc. No. 21] for summary judgment "essentially alleged legal error" on the part of this Court in granting Defendant's motion to dismiss; and

The Third Circuit having concluded that this Court did not err in construing Plaintiff's motion [Doc. No. 21] for summary judgment as a motion for reconsideration and denying it as untimely under Local Civil Rule 7.1(i); and

The Third Circuit having also found that Plaintiff was similarly not entitled to relief under either Rule 59(e) – because his motion was filed well beyond the twenty-eight day deadline, or under Rule 60(b) – because, while timely,

Plaintiff's motion simply alleged legal error which alone is insufficient to vacate a judgment; and

The Court noting that while Plaintiff's second appeal was pending before the Third Circuit, on March 8, 2012, Plaintiff filed the present motion [Doc. No. 30] seeking to vacate the April 13, 2011 Memorandum Opinion and Order granting Defendant's motion [Doc. No. 16] to dismiss Plaintiff's complaint; and

Plaintiff alleging in his affidavit in support of the instant motion [Doc. No. 30] to vacate that the Court violated Plaintiff's "due process rights, acted negligently, and rendered a void judgment by granting the [Defendant's] motion to dismiss [the] complaint for lack of jurisdiction[,]" (see Pl.'s Aff. [Doc. No. 30] 1); and

Plaintiff further asserting the following "beliefs" in support of his motion to vacate the Court's April 13, 2011 Memorandum Opinion and Order: (1) local governments are not immune from damages flowing from constitutional violations and cannot assert the good faith of their agents as a defense; (2) state law sovereign immunity and state limitations on damages cannot protect local governments from liability under Section 1983; (3) qualified immunity insulates officials from liability for conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known; (4) Defendant New Jersey Department of Education is

considered a legal person; (5) Plaintiff's case should not have been dismissed for failure to state a claim because it did not "appear[] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief[,]"[2] (Id. at 1-2); and

The Court also noting that Plaintiff attached to present motion to vacate, a copy of his previous motion [Doc. No. 21] for summary judgment and the brief in support thereof; and

The Court construing Plaintiff's motion to vacate and the attached prior summary judgment motion and brief as another attempt by Plaintiff to offer arguments in opposition to Defendant's motion [Doc. No. 16] to dismiss the complaint which was previously granted based on the Eleventh Amendment; and

Federal Rule of Civil Procedure 60(b) providing that "[o]n motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an

---

2. The standard Plaintiff sets forth regarding dismissal of a complaint comes from the Supreme Court's opinion in Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, the Conley standard is no longer controlling as Conley was subsequently abrogated by the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), which set forth a stricter plausibility standard regarding dismissal.

opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief[;]" and

The Court noting that Plaintiff brings the present motion under subsections one, four, and six regarding mistake, inadvertence, surprise, excusable neglect, a void judgment, and the catch-all provision; and

The Court finding, after a thorough review of the motion [Doc. No. 30], that Plaintiff fails to set forth a sufficient basis for vacating the April 13, 2011 dismissal of the complaint because Plaintiff does not specify the existence of any mistake, inadvertence, surprise or excusable neglect; and

The Court nothing that Plaintiff's motion makes only a passing, conclusory allegation that the Court's April 13, 2011 judgment was void at the time it was rendered; and

The Court further finding that Plaintiff fails to offer a sufficient argument to support his conclusion that the April 13, 2011 judgment was void; and

The Court having determined that Plaintiff's motion to vacate simply seeks to reargue the same legal errors Plaintiff asserted in the prior motion [Doc. No. 21] for summary judgment; and

The Court finding, as did the Third Circuit, that a Rule 60(b) motion is not meant to be used as a substitute for an appeal, see <u>United States v. Fiorelli</u>, 337 F.3d 282, 288 (2003), and cannot serve as a basis for challenging the April 13, 2011 Memorandum Opinion and Order simply because Plaintiff alleges legal error by the Court; and

The Court further finding that the legal issues in this case have been litigated and decided, and therefore the Court must again reject Plaintiff's repeated attempt to relitigate issues already determined by the Court and affirmed on appeal.

Accordingly,

IT IS on this   2nd   day of    November   , 2012, hereby

**ORDERED** that Plaintiff's motion [Doc. No. 30] to vacate the April 13, 2011 judgment entered against him shall be, and hereby is, **DENIED**; and it is further

**ORDERED** that Plaintiff's motion [Doc. No. 32] seeking to expedite a ruling on the motion to vacate shall be, and hereby is, **DISMISSED AS MOOT**.

At Camden, New Jersey

/s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

8